IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EDWARD G. NEWMAN JR., individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ELECTRONIC MERCHANT SYSTEMS, LLC, an Ohio limited liability company,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Edward G. Newman Jr. ("Plaintiff" or "Plaintiff Newman Jr.") brings this Class Action Complaint and Demand for Jury Trial against Defendant Electronic Merchant Systems, LLC ("Defendant" or "Electronic Merchant Systems"), to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by making pre-recorded calls to consumers' cellular telephone numbers without consent and other telemarketing calls to phone numbers registered on the National Do Not Call Registry. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman Jr., for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Newman Jr. is a resident of Devine, Texas.

2. Defendant Electronic Merchant Systems is an Ohio limited liability company, headquartered at 250 W Huron Rd, Ste 400, Cleveland, Ohio 44113. Defendant conducts business throughout this District, Ohio, and the United States.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, conducts business in and from this District, and the wrongful conduct leading to this case was directed by Defendant to the Plaintiff from this District.

**INTRODUCTION**

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

10. According to online robocall tracking service "YouMail," 4.3 billion robocalls were placed in June 2022 alone, at a rate of 144.3 million calls per day. www.robocallindex.com. (Last checked July 27, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with over 150,000 complaints in 2020, and over 160,000 complaints in 2021. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant Electronic Merchant Systems provides payment processing services, electronic transactions, and other merchant services to businesses throughout the U.S.[3]

15. Defendant Electronic Merchant Systems places cold calls using pre-recorded voice messages to solicit their products and services to consumers' cellular telephone numbers, despite having never obtained the necessary consent required to place the calls.

16. Defendant Electronic Merchant Systems also uses the alias "EMS" to place these telemarketing calls to consumers.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/emscorporate/about/

CLASS ACTION COMPLAINT
-3-

17. For example, Plaintiff Newman Jr. received multiple calls from Defendant Electronic Merchant Systems despite never having given his express written consent to receive telemarketing calls from the Defendant.

18. Other consumers have also posted complaints online about receiving unsolicited telemarketing from Defendant Electronic Merchant Systems using the same phone number that Defendant Electronic Merchant Systems used to call Plaintiff Newman Jr., 210-200-6600:

> **SallyBerry**
> 11 Jun 2019
>
> Caller, Shanel, asked if I am the business owner. She said she is <u>call from MS Corporation - here in San Antonio</u>. When I asked for the address she hung up.
>
> Caller: MS Corporation

> **bob**
> 22 Nov 2021
>
> "Jerry" Garcia-yes he used that bogus name..credit card processing scam...let it go to voicemail
> Caller: <u>EMS credit card Processing</u>
> Call type: Scam suspicion

[4]

19. Defendant Electronic Merchant Systems hires employees to place these telemarketing cold calls to solicit their products and services to business owners, for instance:

> **Call Center Representative Job Requirements**
>
> **The Following Are Requirements For This Position**
> - <u>Cold-calling</u>, negotiation skills, B2B, closing skills.
> - Knowledge of Microsoft Outlook, Word, & Excel
> - Excellent spoken and written communication skills
> - Strong organizational skills and capability of managing multiple tasks
> - Strong work ethic and a positive attitude
>
> The above-mentioned skills are required for an individual to be considered.
>
> If you are an individual with a "will do & must achieve" attitude and have an uncanny ability to build trust and generate results over the phone, please submit your information today to schedule an interview.
>
> Electronic Merchant Systems in Philadelphia is proud to be an Equal Opportunity Employer M/F/V/D Committed to Affirmative Action.

[5]

---

[4] https://800notes.com/Phone.aspx/1-210-200-6600
[5] https://www.linkedin.com/jobs/view/call-center-representative-philadelphia-pa-at-electronic-merchant-systems-3176018222/

CLASS ACTION COMPLAINT
-4-

20. Defendant's employees have posted reviews regarding the cold calling they did on the directions of Defendant Electronic Merchant Systems, for instance:

- **lexible hours and decent pay**
  Sales Representative (Former Employee) - Cleveland, OH - September 14, 2020

  You'll spend the vast majority of your time cold calling merchants from a variety of industries. You'll significantly sharpen your sales skills over time due to the sheer number of calls you'll be making daily. The hours are flexible and the pay is decent. [6]

- **Beware: Flexibility, but lousy training and average product, very competitive**
  Sales Representative (Former Employee) - Cleveland, OH - January 8, 2020

  Credit card processing/terminal sales. Cold calling merchants. Most do not want to see you since they are inundated with your competition. You're on your own from day one. Training/trainer was terrible. Little support on sales/closing strategies. Lots of passive-aggressive behavior by GM. If you have a lot of contacts in business this may be a good fit though. If you don't have many contacts it's probably a waste of time. [7]

- **100% Cold Calls**
  Aug 17, 2018 - Account Executive in Tampa, FL

  ✗ Recommend   ○ CEO Approval   ✗ Business Outlook

  Pros
  Commission structure can pay well at close of a deal.

  Cons
  100% cold calls, no residual income, lots of rah-rah cheerleading but no real structured support. [8]

- **Misrepresentation of Job title and compensation**
  Account Executive (Former Employee) - Tampa, FL - November 12, 2021

  This job is a sham. They say you will be compensated with a salary. The Account Executive position is a commission based job . The salary only happens when the unattainable goal/quota is reached. They do not give you the tools to succeed at this job. You are asked to cold call and drive around to businesses in "less desirable " areas to seek business. They do not provide you with a computer and any tools that would be helpful and or needed for this job. Also they expect you to drive around seeking clients yet do not pay miles. Stay away !!! This job is a joke !!! [9]

**PLAINTIFF NEWMAN JR.'S ALLEGATIONS**

---

[6] https://www.indeed.com/cmp/Electronic-Merchant-Systems/reviews?fjobtitle=Sales+Representative
[7] https://www.indeed.com/cmp/Electronic-Merchant-Systems/reviews?fjobtitle=Sales+Representative
[8] https://www.glassdoor.com/Reviews/Electronic-Merchant-Systems-Tampa-Reviews-EI_IE332195.0,27_IL.28,33_IM850.htm
[9] https://www.indeed.com/cmp/Guitar-Center/reviews?fcountry=ALL&fjobcat=sales&start=140&sort=rating_asc

CLASS ACTION COMPLAINT
-5-

21. Plaintiff Newman is the sole user and the subscriber of the cellular phone number ending 7363.

22. Plaintiff Newman registered his cell phone number ending 7363 on the National Do Not Call Registry on July 15, 2005.

23. On July 20, 2022, at 1:37 PM, Plaintiff Newman Jr. received a call on his cell phone from Defendant Electronic Merchant Systems using the phone number 210-200-6600. Plaintiff did not answer the call and received a pre-recorded voicemail from Defendant, which stated:

> "Hello, this is Dillon calling with a courtesy call from EMS. If you could, at your convenience, call us back at 210-200-6600 and that would be extension 209 for me Dillon. Thank you so much. Have a great day."



24. On July 21, 2022, at 10:59 AM, Plaintiff received another call on his cell phone from Defendant Electronic Merchant Systems using the same phone number, 210-200-6600. Plaintiff did not answer the call and received another pre-recorded voicemail from Defendant Electronic Merchant Systems which stated:

> "Hello, this is Dillon calling with EMS. Please call us back at 210-200-6600. I look forward to hearing back from you and also my extension is going to be 209. Again, my name is Dillon. Thank you so much and have a great day."



25. The phone number 210-200-6600 from which Defendant called Plaintiff's cell phone is used by Defendant Electronic Merchant Systems to place telemarketing calls.

8200 W Interstate 10 Ste 602
San Antonio, TX 78230-3807

http://www.emscorporate.com

(210) 200-6600

[10]

26. On calling this phone number 210-200-6600, it is answered by Defendant Electronic Merchant Systems' sales employees, who solicit callers to purchase Defendant's products or services, and/or gather information from the callers to solicit Defendant's products or services to them in the future.

---

[10] https://www.bbb.org/us/tx/san-antonio/profile/credit-card-processing-services/electronic-merchant-systems-0825-1000137438

27. Plaintiff Newman Jr. never consented to receiving solicitation calls from Defendant Electronic Merchant Systems and did not have an existing business relationship with the Defendant.

28. The unauthorized telephone calls placed by Defendant, as alleged herein, have harmed Plaintiff Newman Jr. in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

29. Seeking redress for these injuries, Plaintiff Newman Jr., on behalf of himself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., which prohibits placing unsolicited prerecorded calls to consumers phone numbers.

## CLASS ACTION ALLEGATIONS

30. Plaintiff Newman Jr. brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent on Defendant's behalf) called on their cellular telephone number (2) using a pre-recorded voice message, (3) for substantially the same reason Defendant called Plaintiff.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant called more than one time, (2) within any 12-month period, (3) where the person's phone number had been listed on the National Do Not Call Registry for at least thirty days (4) for substantially the same reason Defendant called Plaintiff.

31. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors;

(3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff Newman Jr. anticipates the need to amend the Class definitions following appropriate discovery.

32. **Typicality and Numerosity**: Plaintiff is a member of all the Classes, and on information and belief, there are hundreds, if not thousands of members of the Classes, all of which received calls from Defendant as part of a single telemarketing campaign, and joinder of all members is impracticable.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Classes include, but are not necessarily limited to the following:

(a) whether the Defendant or an agent calling on behalf of the Defendant placed calls using pre-recorded voice messages to the Plaintiff and other members of the Pre-recorded No Consent Class without first obtaining their express written consent to place such calls;

(b) whether the Defendant or an agent calling on behalf of Defendant placed multiple calls within a 12-month period to Plaintiff and members of the Do Not Call Registry Class without first obtaining consent to make the calls.

(c) whether Defendant's conduct violated the TCPA;

(d) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

CLASS ACTION COMPLAINT
-9-

34. **Adequate Representation**: Plaintiff Newman Jr. will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Newman Jr. has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Newman Jr. and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Newman Jr. nor his counsel have any interest adverse to the Classes.

35. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, and thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff Newman Jr. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Newman Jr. and the Pre-recorded No Consent Class)**

36. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein

37. Defendant, or an agent calling on behalf of the Defendant, placed unwanted solicitation telephone calls to Plaintiff Newman Jr. and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

38. These pre-recorded voice calls were made *en masse* without the prior express written consent of Plaintiff Newman Jr. and the other members of the Pre-recorded No Consent Class.

39. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Duverger and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation, as well as injunctive relief.

**SECIND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Newman Jr. and the Do Not Call Registry Class)**

40. Plaintiff repeats and realleges the paragraphs 1 through 35 of this Complaint and incorporates them by reference herein.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this

subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

43. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Newman Jr. and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

44. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone solicitation in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

45. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Newman Jr. individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes, as defined above; appointing Plaintiff Newman Jr. as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Newman Jr. requests a jury trial.

DATED this 13th day of September, 2022.

Respectfully Submitted,

**EDWARD G. NEWMAN JR.**, individually and on behalf of those similarly situated individuals

By: /s/ *Brian Giles*

Brian Giles
brian@gilesfirm.com
LAW OFFICES OF BRIAN T. GILES, LLC
1470 Apple Hill Rd.,
Cincinnati, OH 45230
Telephone: (513) 379-2715

Avi R. Kaufman*

CLASS ACTION COMPLAINT
-13-

kaufman@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*\*Pro Hac Vice motion forthcoming*

CLASS ACTION COMPLAINT
-14-